# EXHIBIT 1

Case 1:07-cv-06938    Document 16-2    Filed 05/23/2008    Page 1 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,<br><br>Plaintiff,<br><br>vs.<br><br>PRAIRIE ROCK EXCAVATING, L.L.C., an Illinois limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 07 C 6938<br><br><br><br>JUDGE: Manning<br><br>MAGISTRATE JUDGE: Cole |

## UNSWORN DECLARATION OF STEVEN M CISCO PURSUANT TO 28 U.S.C. § 1746

1. At all relevant times I have been employed by Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), as Recording-Corresponding Secretary. I am now and have since 1986 been the Recording-Corresponding Secretary of Plaintiff.

2. I have read the Complaint filed in this action, have personal knowledge of all facts alleged therein and could so testify if called upon to do so.

3. As Recording-Corresponding Secretary, my current responsibilities include keeping and maintaining records of grievances and Joint Grievance Committee awards entered pursuant to collective bargaining agreements between Local 150 and various employers and multi-employer bargaining associations. I maintain records on each person, firm and corporation and have under my supervision and direction all books, records, documents and papers relating to Plaintiff Union.

4. On or about May 3, 2006, Prairie Rock Excavating, L.L.C. ("the Company") executed a "Memorandum of Agreement" with Local 150. By its terms, that Memorandum adopted the

Collective Bargaining Agreement between Local 150 and Excavators, Inc. known as the Heavy and Highway and Underground Agreement (the "Master Agreement").

5. In June 2006, a dispute arose between Local 150 and the Company under the terms of the applicable Agreement. The parties attempted to resolve the dispute pursuant to the contractual grievance procedure but were unable to do so.

6. On January 25, 2007, the Joint Grievance Committee established by the Agreement conducted a hearing into the grievance brought by Local 150 against the Company. Based upon the evidence presented at the hearing, the JGC awarded Local 150 $3,340.96 in lost wages and benefits. The JGC notified the Company of its decision and award.

7. The Company failed to comply with the JGC award within seven (7) days. Therefore, the Company is required to pay an additional $334.10, representing ten (10%) percent liquidated damages, or a total of $3,675.06.

8. Despite repeated demands by Local 150 the Company has failed and refused to comply with the JGC award.

9. I make this statement in support of the application of Plaintiff for default judgment and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Plaintiff and such other facts herein set forth.

### Certification

I, STEVEN M. CISCO, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on May 14, 2008.

_____
STEVEN M. CISCO

I:\AE\PRAIRIE ROCK EXCAVATING, INC\PLEADINGS\MOTION FOR DEFAULT\CISCO DECLARATION.DOC

# EXHIBIT 2

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS



ALIAS **SUMMONS IN A CIVIL CASE**

International Union of Operating Engineers,
Local 150, AFL-CIO,
          Plaintiff,

V.

Prairie Rock Excavating, L.L.C., an Illinois
limited liability company,
          Defendant.

CASE NUMBER:   07 C 6938

ASSIGNED JUDGE:   Manning

DESIGNATED
MAGISTRATE JUDGE:   Cole

TO: (Name and address of Defendant)

    Please serve:  Prairie Rock Excavating, L.L.C.
                     c/o Registered Agent Joe Baldo
                     4345 DiPaolo Center
                     Glenview, IL 60025

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    Dale D. Pierson
    Elizabeth A. LaRose
    Melissa L. Binetti
    Local 150 Legal Department
    6140 Joliet Road, Countryside, IL 60525

an answer to the complaint which is herewith served upon you, within   20   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

*J. Cervantes*
**(By) DEPUTY CLERK**

April 3, 2008
Date

**State of Illinois**

**General No.: 07C6938**

**County of USDC CHICAGO**

### AFFIDAVIT OF SERVICE

MICHAEL McGLOON deposes and says that he/she is a licensed or registered employee of a Private Detective Agency, licensed by the Illinois Department of Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735, Code of Civil Procedure Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause, and that the defendant was served in the following manner:

On 4/16/2008 at 8:09:00 PM by leaving a true and correct copy of the attached ALIAS SUMMONS AND COMPLAINT with Prairie Rock Excavating, LLC c/o Joe Baldo as shown below:

Served the wihin named Prairie Rock Excavating, LLC c/o Joe Baldo by delivering a true and correct copy of the ALIAS SUMMONS AND COMPLAINT, to Joe Baldo a person authorized to accept service of process as agent.

Said service was effected at 1415 Wilmot Rd., Deerfield, IL 60015

Description of Person Served Sex: M  Height: 6'0  Weight: 180  Race: W  Age: 40ish

Additional or Other Information:
Defendant no longer has a business at 4345 DiPaolo Center, Glenview, IL.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

4-17-08
Dated

Michael McGloon
117-000192

# EXHIBIT 3

Case 1:07-cv-06938　　Document 16-2　　Filed 05/23/2008　　Page 7 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) CIVIL ACTION<br>)<br>) NO. 07 C 6938<br>) |
| Plaintiff, | )<br>) |
| vs. | ) JUDGE: Manning<br>) |
| PRAIRIE ROCK EXCAVATING, L.L.C., an Illinois limited liability company, | ) MAGISTRATE JUDGE: Cole<br>)<br>) |
| Defendant. | )<br>) |

**UNSWORN DECLARATION OF DALE D. PIERSON PURSUANT TO 28 U.S.C. § 1746**

1. I am General Counsel to the International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") and am one of the attorneys for the Plaintiff in the above-captioned action. I have personal knowledge of the facts regarding this matter and the time expended in the prosecution of this action now pending in the United States District Court. If called as a witness, I am competent to testify in respect thereto.

2. The attorneys assigned to this matter have expended six (6) hours in the prosecution of the above-entitled action, including the initial investigation and preparation of the Complaint, preparation of a motion for extension of time for service of process, and preparing and filing of the instant motion for default judgment, including declarations in support thereof.

3. I have in my possession a complete written record of the hours expended in the prosecution of this action in the form of redacted contemporaneous time records

which specify the various activities of Counsel required in the litigation of this matter and confirms the number of hours expended as set forth above.

4.　　The usual and normal hourly charges by attorney's of Local 150's Legal Department for Federal Court litigation under the Labor-Management Relations Act range from $225.00 per hour to $400.00 per hour based on level of experience.

5.　　To the best of my knowledge and belief, the rates charged per hour are less than or equal to the usual and customary rates charged by other law firms doing similar work in the United States District Court for the Northern District of Illinois.

6.　　Furthermore, the Master Agreement entered into between Local 150 and Excavators, Inc., to which terms and provisions the Defendant is bound, provides that in the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party.

7.　　Affiant makes this Affidavit in support of the Plaintiff's Motion for Default Judgment and an award of Plaintiff's reasonable attorneys' fees in the sum of $1,500.00.

### Certification

I, DALE D. PIERSON, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on May 19, 2008.

_____
DALE D. PIERSON

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) CIVIL ACTION )<br>) NO. 07 C 6938 ) |
| Plaintiff, | ) ) |
| vs. | ) JUDGE: Manning ) |
| PRAIRIE ROCK EXCAVATING, L.L.C., an Illinois limited liability company, | ) MAGISTRATE JUDGE: Cole ) ) ) |
| Defendant. | ) |

## UNSWORN DECLARATION OF MELISSA L. BINETTI PURSUANT TO 28 U.S.C. § 1746

1. I am one of the attorneys for the Plaintiff in this action. I have personal knowledge of the facts regarding this matter and the costs expended in the prosecution of it and, if called as a witness, could so testify.

2. On December 10, 2007, we filed this action and paid the $350.00 filing fee.

3. We subsequently attempted service at Defendant's principal office. Because we were unable to effectuate service at this location, we conducted an investigation to locate the whereabouts of Defendant. On April 16, 2008, we caused the Defendant to be served copies of an Alias Summons and the Complaint. The total cost to effectuate service of process was $500.00.

Body:

4.      As set forth above, the costs expended in this matter total $850.00.

### Certification

I, MELISSA L. BINETTI, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on May 22, 2008.

*/s/ Binetti*

MELISSA L. BINETTI

I:\AE\PRAIRIE ROCK EXCAVATING, INC\PLEADINGS\MOTION FOR DEFAULT\MLB DECLARATION.DOC

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) CIVIL ACTION ) ) NO. 07 C 6938 |
| Plaintiff, | ) |
| vs. | ) JUDGE: Manning |
| PRAIRIE ROCK EXCAVATING, L.L.C., an Illinois limited liability company, | ) MAGISTRATE JUDGE: Cole |
| Defendant. | ) |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), by their counsel, it appearing to the Court that the Defendant, Prairie Rock Excavating, L.L.C., having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been taken, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

That it has jurisdiction of the subject matter herein and of the parties hereto.

That the Defendant is bound by the terms of the Master Agreement and collective bargaining agreement or agreements referred to in the Complaint of Plaintiff.

That in June 2006, a dispute arose between Local 150 and Defendant under the terms of the Master Agreement. The parties attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but were unable to do so.

That pursuant to Step Two of the Master Agreement Local 150 reduced the grievance to writing and sought to set up a meeting whereby it could be resolved, but were unable to do so. Consequently, pursuant to Step Three of the contractual grievance procedure, Local 150 submitted the grievance against Defendant to the Joint Grievance Committee ("JGC").

That the JGC conducted a hearing into the grievance and based upon the evidence presented at the hearing, the JGC awarded Local 150 $3,340.96 in lost wages and benefits.

That Defendant failed to comply with the award within seven days; therefore, Defendant is required to pay an additional $334.10 representing ten percent (10%) liquidated damages, or a total of $3,675.06.

That despite repeated demands by Local 150, Defendant has failed and refused to comply with the JGC award.

That under the Master Agreement in the event the prevailing party is required to file suit to enforce the decision or award, and if it prevails, it shall be entitled to recover its costs, including attorneys' fees, from the losing party. Local 150's costs total $850.00 and attorneys' fees total $1,500.00.

That there is no just cause for delay in the entry of a Judgment Order as to the sum of $6,025.06 owed to the Plaintiff from Defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That Plaintiff recover from the Defendant, Prairie Rock Excavating, L.L.C., the sum of $3,675.06.

That Plaintiff recover from the Defendant, the sum of $850.00 for the costs of these proceedings and the sum of $1,500.00 for Plaintiff's just and reasonable attorneys' fees.

That Plaintiff recover from the Defendant, Prairie Rock Excavating, L.L.C., the total amount of **$6,025.06**, which includes lost wages and benefits, liquidated damages, costs and attorneys' fees.

Plaintiff is awarded execution for the collection of the Judgment and costs and fees granted hereunder.

The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

_____
UNITED STATES DISTRICT COURT

DATED:_____

Name and Address of Attorneys for the Plaintiff:

Dale D. Pierson
Elizabeth A. LaRose
Melissa L. Binetti
Lauren S. Shapiro
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
(708) 579-6663

I:\AE\PRAIRIE ROCK EXCAVATING, INC\PLEADINGS\MOTION FOR DEFAULT\JUDGMENT ORDER.DOC